# UNITED STATES DISTRICT COURT
## NORTHERN OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| KATIE (CONERLY) WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-cv-00377 |
| | ) | |
| FRANCISCAN PHYSICIAN | ) | |
| MANAGEMENT CORPORATION, | ) | |
| d/b/a FRANCISCAN PHYSICIAN | ) | |
| NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Franciscan Alliance, Inc. d/b/a Franciscan Physician Network incorrectly

named in caption as Franciscan Physician Management Corporation, d/b/a Franciscan Physician

Network, for its Answer and Affirmative Defenses to the Complaint for Damages ("Complaint")

filed by the Plaintiff, Katie (Conerly) Wiggins, states as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon relief that can be granted and must be

dismissed pursuant to Rule 12(b)(6) of the Indiana Rules of Procedure.

## SECOND DEFENSE

In response to the enumerated allegations of Plaintiff's Complaint, Franciscan Alliance,

Inc. d/b/a Franciscan Physician Network hereinafter "Defendant" states as follows:

1.      This is an employment discrimination action brought by Plaintiff, Katie (Conerly)

Wiggins ("Wiggins" and/or "Plaintiff"), against Defendant, Franciscan Physician Management

Corporation, d/b/a Franciscan Physician Network ("Franciscan" and/or "Defendant"), for

unlawfully discriminating against her on the basis of race (African American), in violation of

Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as amended, and

for discrimination on the basis of race (African American), in violation of the Civil Rights Act of

1866, as amended, 42 U.S.C. § 198la.

> **ANSWER:** **That the Plaintiff has filed an employment discrimination lawsuit against Defendant is a matter of public record and no response is required.**

2.      Wiggins is a citizen of the United States and at all times relevant to this lawsuit

resided within the geographic boundaries of the Northern District of Indiana.

> **ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of Plaintiff's Complaint.**

3.      Defendant is an Indiana corporation doing business within the geographic

boundaries of the Northern District of Indiana at all times relevant to this action and the claims

Wiggins asserts against Defendants arose within the geographic boundaries of the Northern

District of Indiana.

> **ANSWER:** **Defendant admits that Franciscan Alliance, Inc. d/b/a Franciscan Physician Network is an Indiana Nonprofit Corporation that does business in Lafayette, Indiana, which is within the Lafayette Division of the Northern District of Indiana. Defendant denies the remaining allegations of Paragraph 3 of Plaintiff's Complaint.**

4.      This Court has jurisdiction over the subject matter of this case pursuant to 28

U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-et seq.

> **ANSWER:** **Defendant admits that the Plaintiff seeks recovery under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981(a), which both arise under federal law. Defendant denies that the Plaintiff is entitled to recovery under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981(a). Further responding, Plaintiff's allegation that this Court has jurisdiction pursuant to 28 USC § 1331, 28 USC § 1343 and 42 U.S.C. § 2000e *et seq.* is a statement of law to**

**which no response is required. Alternatively, Defendant denies the allegations of Plaintiff's Complaint.**

5.     Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

**ANSWER:    The allegations of Paragraph 5 constitute a legal conclusion for which no response is required. To the extent Paragraph 5 of Plaintiff's Complaint can be construed to contain assertions of fact, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 of Plaintiff's Complaint.**

6.     Wiggins is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

**ANSWER:    The allegations of Paragraph 6 constitute a legal conclusion for which no response is required. To the extent Paragraph 6 of Plaintiff's Complaint can be construed to contain assertions of fact, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 of Plaintiff's Complaint.**

7.     Wiggins satisfied her obligation to exhaust administrative remedies, having timely

filed Charge of Discrimination 470-2015-02508, alleging discrimination on the basis of race with

the Equal Employment Opportunity Commission within 300 days of the alleged discrimination,

and receiving a Notice of Dismissal and Right to Sue thereon on March 23, 2016, and by

commencing this action within ninety days of the receipt thereof.

**ANSWER:    Defendant admits that Plaintiff's Charge of Discrimination No. 470-2015-02508 with the U.S. Equal Employment Opportunity Commission against Premiere Healthcare – Women Health Association was received on or about September 8, 2015 and a Notice of Right to Sue was issued dated March 14, 2016. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7 of Plaintiff's Complaint.**

8.     All events, transactions, and occurrences concerning this case have arisen in the

geographical environs of the Northern District of Indiana, thus venue is proper in this Court.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of Plaintiff's Complaint.**

9.      Wiggins, an African American woman, commenced employment with Defendant

in March 2015, as an ultrasound technician. Her immediate supervisor was Lori Baids ("Baids")

(Caucasian).

**ANSWER:    Defendant admits that the Plaintiff is an African American woman and that Lori Baids is Caucasian.  Defendant denies the remaining allegations of Paragraph 9 of Plaintiff's Complaint.**

10.     At all times relevant to this action, Wiggins met or exceeded Franciscan's

legitimate job performance expectations.

**ANSWER:    Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.**

11.     At the time she was hired, Wiggins was told that she would receive formal

training at the GE Health Institute, as well as five to eight weeks of on-the-job training. Wiggins

was also told that a representative of the GE ultrasound machine company would come and train

her on the ultrasound machine.

**ANSWER:    Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.**

12.     On March 20, 2015, when Wiggins returned to Franciscan after a previously

scheduled vacation, she was informed by Janice Roach ("Roach") (Caucasian), another

ultrasound technician, that Wiggins was going to go through orientation with the technicians in

the main hospital. Wiggins later learned this was because Roach and Haley Ney ("Ney")

(Caucasian), another ultrasound technician, refused to train her. Baids never informed Wiggins

of this change.

**ANSWER:    Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.**

13.     Within two weeks of Wiggins' start date, there was a meeting among Baids and

the remaining ultrasound technicians (except Wiggins). Although Roach told Wiggins about the

meeting, she refused to give Wiggins any details.

> **ANSWER:** **Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.**

14.     Wiggins received no information from that, or any of the other meetings from which she was excluded.

> **ANSWER:** **Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.**

15.     While going through orientation at the main hospital, Wiggins only saw a single obstetrical ultrasound exam, and a single pelvis ultrasound.

> **ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of Plaintiff's Complaint.**

16.     At one point, Wiggins sat in a room basically increasing her computer knowledge due to lack of scanning opportunities.

> **ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of Plaintiff's Complaint**.

17.     During this time, the technicians at the main hospital all expressed their concerns about why Wiggins was being sent to the main hospital for training when the main hospital was receiving almost no OB patients.

> **ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of Plaintiff's Complaint.**

18.     The staff at the main hospital had Wiggins come in at different times in the evenings trying to catch some OB patients.

> **ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of Plaintiff's Complaint.**

19.     On the day following one of Wiggins' evening shifts, Baids texted Wiggins to inquire where she was, as Baids had scheduled her for computer training.  As a result, the computer instructor had to wait over two hours for me to arrive.

> **ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of Plaintiff's Complaint.**

20.     While Wiggins was on vacation Baids arranged for her to job shadow in the main hospital and set Wiggins up for computer training.  However, Baids never informed Wiggins of these arrangements.  When Wiggins inquired why Baids had not notified Wiggins about the arrangements, Baids' response was "I guess I should have let you know".

> **ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of Plaintiff's Complaint.**

21.     On May 19, 2015, Wiggins was transferred to work at Premiere Health, the location for which she had originally been hired.  Following her transfer, Roach and Ney continued to refuse to train Wiggins.

> **ANSWER:     Defendant denies the allegations of Paragraph 21 of Plaintiff's Complaint.**

22.     After her transfer to Premiere, Wiggins complained on numerous occasions, to Franciscan's Human Resources Department, as well as to Baid, about Roach's and Ney's continued refusal to provide her with training.

> **ANSWER:     Defendant denies the allegations of Paragraph 22 of Plaintiff's Complaint.**

23.     Despite the fact that Wiggins had been scanning alone for more than two months, following Wiggins' complaints to Human Resources and to Baid, she was placed on a Performance Improvement Plan ("PIP") on or about June 4, 2015. While Baid alleged that the

PIP was due to concerns expressed by patients and physicians, Wiggins had not been made

aware of any such complaints at any time prior to being placed in the PIP.

> **ANSWER:** **Defendant admits that the Plaintiff was placed on a performance improvement plan on or about July 15, 2015. Defendant denies the remaining allegations of Paragraph 23 of Plaintiff's Complaint.**

24.     On July 1, 2015, Wiggins was assigned to perform ultrasound scans on two

patients. Although Wiggins successfully performed both scans, she was nevertheless placed on a

Performance Improvement Plan ("PIP").

> **ANSWER:** **Defendant admits that the Plaintiff was placed on a performance improvement plan. Defendant denies the remaining allegations of Paragraph 24 of Plaintiff's Complaint.**

25.     After Wiggins was placed on the PIP, a technician named Amanda (LNU) was

assigned to train and evaluate her. Amanda saw Wiggins on July 21 and 22, for approximately

two hours each day. However, Amanda did not actually provide Wiggins with any training

under the PIP. Instead, she told Wiggins that she would "give her some pointers" but would not

evaluate her.

> **ANSWER: Defendant admits that Amanda Koeling observed the Plaintiff as she performed her duties. Defendant denies the remaining allegations of Paragraph 25 of Plaintiff's Complaint.**

26.     Wiggins spoke to Baids about Amanda, and the failure to provide Wiggins with

any actual training under the PIP, on July 28, 2015. Baid told Wiggins the PIP would be

extended. Baid also told Wiggins she was aware that Amanda was not evaluating Wiggins.

> **ANSWER:** **Defendant denies the allegations of Paragraph 26 of Plaintiff's Complaint.**

27.     Wiggins noted that she was well beyond her 90-day probationary period, but that

she was effectively still being considered as probationary.

7

ANSWER: **Defendant denies the allegations of Paragraph 27 of Plaintiff's Complaint.**

28.     In addition to her concerns involving training, Wiggins was also subjected to harassment by one of Franciscan's physicians, Dr. Ramierez, who placed inappropriate and unprofessional comments concerning Wiggins in patient charts.

**ANSWER:** **Defendant denies the allegations of Paragraph 28 of Plaintiff's Complaint.**

29.     Wiggins was compelled to resign her employment as a result of the Defendant's discriminatory actions.

**ANSWER**: **Defendant denies the allegations of Paragraph 29 of Plaintiff's Complaint.**

## V. CAUSES OF ACTION

### Count One:  Race Discrimination in Violation of Title VII

30.     Wiggins hereby incorporates paragraphs one (l) through twenty-nine (29) of her Complaint by reference.

**ANSWER:** **For its response to Paragraph 30, Defendant incorporates by reference the responses contained in paragraphs 1 through 29 as if fully set forth herein.**

31.     Franciscan violated Wiggins' right to be free from race-based discrimination as protected by Title VII by subjecting Wiggins to terms and conditions of employment that were less favorable than those afforded to similarly-situated Caucasian employees, in that it repeatedly refused to provide Wiggins with the training required to perform her job, despite having provided training to similarly-situated Caucasian employees, and by constructively discharging her.

**ANSWER:** **Defendant denies the allegations of Paragraph 31of Plaintiff's Complaint.**

32.    Franciscan's actions were intentional, willful, and/or taken with reckless

indifference to Wiggins's rights as protected by Title VII.

**ANSWER:    Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint.**

33.    Wiggins suffered and continues to suffer harm, including but not limited to loss of

wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal

and professional reputation, as a result of Franciscan's unlawful acts.

**ANSWER**:    **Defendant denies the allegations of Paragraph 33 of Plaintiff's Complaint.**

## Count Two: Race (Disparate Treatment) in Violation of 42 U.S.C. § 1981

34.    Wiggins hereby incorporates paragraphs one (1) through thirty-three (33) of her

Complaint by reference.

**ANSWER:    For its response to Paragraph 34, Defendant incorporates by reference the responses contained in paragraphs 1 through 33 as if fully set forth herein.**

35.    The relationship between Franciscan and Wiggins was contractual in nature.

**ANSWER:    The allegations of Paragraph 35 constitute a legal conclusion for which no response is required.  To the extent Paragraph 35 of Plaintiff's Complaint can be construed to contain assertions of fact, such assertions, as stated, are denied.**

36.    Franciscan denied Wiggins the same rights to make and enforce its contract as

that afforded to non-African American and/or non-white employees.

**ANSWER:    Defendant denies the allegations of Paragraph 36 of Plaintiff's Complaint.**

37.    Franciscan's actions were intentional, willful, and/or taken with reckless disregard

of Wiggins's clearly established civil rights.

**ANSWER:** **Defendant denies the allegations of Paragraph 37 of Plaintiff's Complaint.**

38.     Wiggins suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation, as a result of Franciscan's unlawful acts.

**ANSWER:** **Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint.**

## Count Three: Race Discrimination (Hostile Work Environment) in Violation of Title VII

39.     Wiggins hereby incorporates paragraphs one (I) through thirty-eight (38) of her Complaint by reference.

**ANSWER:** **For its response to Paragraph 39, Defendant incorporates by reference the responses contained in paragraphs 1 through 38 as if fully set forth herein.**

40.     Franciscan violated Wiggins's right to be free from race-discrimination as protected by Title VII by subjecting and/or allowing Wiggins to be subjected to repeated acts of race-based harassment that created a hostile work environment, and by refusing to take action when Wiggins reported it.

**ANSWER**: **Defendant denies the allegations of Paragraph 40 of Plaintiff's Complaint.**

41.     Franciscan's actions were intentional, willful, and/or taken with reckless indifference to Wiggins's rights as protected by Title VII.

**ANSWER:** **Defendant denies the allegations of Paragraph 41 of Plaintiff's Complaint.**

42.     Wiggins suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation, as a result of Franciscan's unlawful acts.

**ANSWER:** Defendant denies the allegations of Paragraph 42 of Plaintiff's Complaint.

### Count Four: Race Discrimination (Hostile Work Environment) in Violation of § 1981

43.     Wiggins hereby incorporates paragraphs one (I) through forty-two (42) of her Complaint by reference.

**ANSWER:** For its response to Paragraph 43, Defendant incorporates by reference the responses contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Franciscan violated Wiggins's right to be free from race-based discrimination as protected by Title VII by subjecting and/or allowing Wiggins to be subjected to repeated acts of race and/or color-based harassment that created a hostile work environment, and by refusing to take action when Wiggins reported it.

**ANSWER**: Defendant denies the allegations of Paragraph 44 of Plaintiff's Complaint.

45.     Franciscan's actions were intentional, willful, and/or taken with reckless indifference to Wiggins's rights as protected by § 1981.

**ANSWER:** Defendant denies the allegations of Paragraph 45 of Plaintiff's Complaint.

46.     Wiggins suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation, as a result of Franciscan's unlawful acts.

**ANSWER:** Defendant denies the allegations of Paragraph 46 of Plaintiff's Complaint.

### Count Five: Retaliation in Violation of § 1981

47.     Wiggins hereby incorporates paragraphs one (1) through forty-six (46) of her

Complaint as if they were stated herein.

**ANSWER:** **For its response to Paragraph 47, Defendant incorporates by reference the responses contained in paragraphs 1 through 46 as if fully set forth herein.**

48.     Franciscan unlawfully retaliated against Wiggins because she engaged in activity

protected by U.S.C. § 1982 by placing her on a PIP after she engaged in protected activity by

complaining of conduct she reasonable believed was racially discriminatory.

**ANSWER:** **Defendant denies the allegations of Paragraph 48 of Plaintiff's Complaint.**

49.     Franciscan has treated similarly-situated employees who have not engaged in

protected activity more favorably in the terms, privileges, and conditions of their employment.

**ANSWER:** **Defendant denies the allegations of Paragraph 49 of Plaintiff's Complaint.**

50.     Franciscan's actions were intentional, willful and/or taken with reckless disregard

of Wiggins' lights as protected by the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981

and Title VII of the Civil Rights Act of 1964,42 U.S.C. §2000e, et.  seq., as amended.

**ANSWER**: **Defendant denies the allegations of Paragraph 50 of Plaintiff's Complaint.**

## VI. RELIEF

51.     Wiggins suffered and continues to suffer harm, including but not limited to loss of

wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal

and professional reputation, as a result of Franciscan's unlawful acts.

**ANSWER**: **Defendant denies the allegations of Paragraph 51 of Plaintiff's Complaint.**

52.     Franciscan to reinstate Wiggins to the position she would have held absent

Franciscan's unlawful discrimination or pay Wiggins front pay in lieu thereof;

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 52 of Plaintiff's Complaint.**

53.    Franciscan to pay Wiggins's lost wages and benefits incurred as a result of its

violation of her civil rights;

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 53 of Plaintiff's Complaint.**

54.    Franciscan to pay to Wiggins compensatory and punitive damages;

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 54 of Plaintiff's Complaint.**

55.    Franciscan to pay prejudgment and post-judgment interest on all sums

recoverable;

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 55 of Plaintiff's Complaint.**

56.    Franciscan to pay Wiggins's reasonable attorney fees and costs;

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 56 of Plaintiff's Complaint.**

57.    Franciscan to cease and desist all future discriminatory actions toward Wiggins;

and,

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 57 of Plaintiff's Complaint.**

58.    Franciscan to provide Wiggins with all other relief that is just and proper.

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 58 of Plaintiff's Complaint.**

## GENERAL DENIAL

Defendant denies any remaining allegations set forth in Plaintiff's Complaint that have not been previously admitted or denied herein and further denies that Plaintiff is entitled to any relief requested in the Complaint.

## THIRD DEFENSE

To the extent that some or all of Plaintiff's claims are time-barred by limitations, Defendant pleads this defense.

## FOURTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

## FIFTH DEFENSE

Defendant acted rightfully, reasonably, for legitimate, non-discriminatory reasons, in good faith at all material times based upon all relevant facts and circumstances known at the time.

## SIXTH DEFENSE

Plaintiff failed to state a claim for compensatory damages, attorneys' fees, or costs of litigation.

## SEVENTH DEFENSE

The activities of Defendant which are alleged to be wrongful are justified, lawful, and privileged.

## EIGHTH DEFEENSE

At all times, the Defendant exercised reasonable care to prevent and correct promptly any alleged harassment or discrimination by implementing and enforcing its anti-harassment and non-discrimination policies and the Plaintiff unreasonably failed to pursue or utilize the

preventive and corrective procedures provided by the Defendant or to avoid harm otherwise and therefore failed to exhaust her administrative remedies.

**NINTH DEFENSE**

As an employee of Defendant, the Plaintiff consented to be subject to the anti-harassment policy and procedures applicable to employees of the Defendant and because she failed to utilize any of the procedures available, Plaintiff has waived any claim for race discrimination or hostile work environment against the Defendant.

**TENTH DEFENSE**

Plaintiff has waived the right to pursue the Complaint, and each of its causes of action, by reason of her own actions and course of conduct.

**ELEVENTH DEFENSE**

Defendant did not dismiss Plaintiff. Plaintiff voluntarily resigned from her employment.

**TWELFH DEFENSE**

To the extent that some or all of Plaintiff's claims are barred by laches, estoppel, unclean hands, unjust enrichment, impossibility, immunity, First Amendment, and applicable law, Defendant pleads these defenses.

**THIRTEENTH DEFENSE**

Plaintiff has failed to establish a contractual relationship.

**FOURTEENTH DEFENSE**

The Plaintiff's damages, if any, may have been caused by the actions or inactions of other individuals not named by the Plaintiff herein.

## FIFTEENTH DEFENSE

To the extent that Plaintiff's claims are time-barred for the reason that the Charge upon which the Complaint is based was not filed within the time prescribed by law from the date on which the cause of action, if any accrued, Defendant pleads this defense.

## SIXTEENTH DEFENSE

To the extent Plaintiff raises claims which go beyond the scope of her Charge filed with the U.S. Equal Employment Opportunity Commission, such claims are impermissible, time-barred, and waived, and Plaintiff may not pursue or recover for them.

## SEVENTEENTH DEFENSE

Plaintiff has failed to state a claim for punitive damages as a matter of law.

## EIGHTEENTH DEFENSE

Defendant reserves any additional defenses which may be developed through investigation and discovery of the Plaintiff's claims in this case.

## JURY DEMAND

Defendant, Franciscan Alliance, Inc. d/b/a Franciscan Physician Network incorrectly named in caption as Franciscan Physician Management Corporation, d/b/a Franciscan Physician Network , by counsel, respectfully requests trial by jury.

WHEREFORE, Defendant, Franciscan Alliance, Inc. d/b/a Franciscan Physician Network incorrectly named in caption as Franciscan Physician Management Corporation, d/b/a Franciscan Physician Network respectfully prays that Plaintiff take nothing by way of her Complaint, that judgement be entered thereupon in favor of Defendant and against the Plaintiff, and that Defendant recovers all reasonable costs and be granted all other proper relief.

/s/ Matthew K. Wollin
Matthew K. Wollin, Attorney No.: 32301-79
Chase M. Patterson, Attorney No.:  32105-41
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone: (765) 423-1561
Facsimile: (765) 742-8175

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

Jay Meisenhelder
jaym@ecrls.com

Robert J. Opat
robertopat@ecrls.com

/s/ Matthew K. Wollin
Matthew K. Wollin

828772.1